UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

CASE NO. 04-80857
HON. LAWRENCE P. ZATKOFF

v.

JERMAINE HUBBERT,

          Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on August 23, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Jermaine Hubbert's Motion to Suppress Oral Statements and Motion for Discovery. Plaintiff has responded. In addition, the Court held an evidentiary hearing on this matter on August 23, 2005. For the reasons set forth below, Defendant's Motion to Suppress Oral Statements and Motion for Discovery are DENIED.

## II. ANALYSIS

**A. Motion to Suppress Oral Statements**

Defendant Jermaine Hubbert is charged with 11 counts, including conspiracy to possess with intent to distribute, possession with intent to distribute, and distribution of controlled

substances. Following his arrest, Hubbert was interrogated by police on December 7, 2003 at the city of Redford's police department. Hubbert made certain oral statements at this time. By the present motion, Defendant argues that those oral statements should be suppressed because Defendant alleges that he was not read his *Miranda* warnings at this time and did not waive his rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

### 1. Evidentiary Hearing

The Court conducted an evidentiary hearing on this matter on August 23, 2005. At the hearing, ATF Special Agent Michael Yott testified that he interrogated Hubbert on December 7, 2003 at the Redford police department. Yott further testified that he read Hubbert his *Miranda* warnings from a card and that Hubbert said that he understood each warning. Hubbert told Yott that he was willing to talk. Yott then asked Hubbert some questions and Hubbert answered those questions. Despite answering Yott's questions, Hubbert declined to make a written statement and did not sign a *Miranda* waiver form.

At the hearing, Yott further testified that he did not coerce Hubbert, did not make any promises to Hubbert, and that he made no offer of negotiation to Hubbert. Yott described Hubbert's demeanor during the interrogation as being "relaxed," "open," and "comfortable."

Greg Stopczynski of the City of Detroit Police Department was the next to testify. Stopczynski was a task force agent with the ATF on December 7, 2003. Stopczynski testified that he was present during Agent Yott's interrogation of Hubbert at the Redford police department and that Yott read Hubbert his *Miranda* warnings.

Defendant Jermaine Hubbert was the last to testify. Hubbert contradicted the testimony of Yott and Stopczynski and stated that Yott "didn't advise him of his rights." Hubbert also

testified that he knew what it meant to waive his rights and that he did not waive his right to remain silent or his rights to counsel.  As to his education and level of comprehension, Hubbert testified that he completed his G.E.D., but that he dropped out of school in sixth grade and did not return to school after that.

On cross-examination, Hubbert testified that he had never been given *Miranda* warnings. Hubbert then modified this testimony after considering his three previous arrests.  Hubbert testified that he had not been given *Miranda* warnings after two of the arrests, but that he had received *Miranda* warnings after his June 5, 2002 arrest.

**2. Findings of Fact**

As to the credibility of the witnesses, the Court was guided by the appearance and conduct of the witnesses, by the manner in which they testified, and by the character of the testimony given.  The Court had an opportunity to view the witnesses' reactions to questions, their hand and eye movement, and their facial expressions.  Additionally, the Court considered the witnesses' intelligence, motive, state of mind, demeanor, and manner while testifying.  The Court also considered each witnesses' ability to observe the facts to which he or she testified and whether the witness appeared to have an accurate recollection of the relevant circumstances.

The Court accepts as true Agent Yott's and Officer Stopczynski's testimony that they read Defendant his *Miranda* warnings.  The Court also finds that Hubbert understood the warnings, and that he freely waived his rights without any government coercion.  The Court does not accept Hubbert's testimony as credible.  Hubbert asserted that Agent Yott did not advise him of his *Miranda* rights, but Hubbert also claimed that despite his three previous arrests, that he had never been read his *Miranda* rights by the arresting officers.  Hubbert later modified his

testimony and stated that he was read his *Miranda* rights after one of the arrests.  In addition, based on Hubbert's education level (a G.E.D.) and his prior encounters with law enforcement, the Court finds that Hubbert's waiver of his *Miranda* rights was done knowingly.

Based on these factual findings, the Court concludes that Defendant's *Miranda* rights were not violated and that Defendant's Motion to Suppress Oral Statements should be denied.

**B. Motion for Discovery**

Defendant asserts that the government utilized at least one confidential informant, referred to as "ATF-1," in conducting the present investigation.  In the affidavit in support of a court-ordered wiretap, Special agent Joseph Secrete stated that ATF-1 has provided him information on at least 20 occasions, enabling Secrete to purchase firearms and narcotics in an undercover capacity.  By the present Motion, Defendant seeks disclosure from the government whether ATF-1 or any other confidential informant utilized in this case actively participated in or was a percipient witness to the acts underlying the prosecution, pursuant to *Roviaro v. U.S.*, 353 U.S. 53 (1957), so that Defendant can determine whether disclosure of the informant's identity would be helpful to the fair determination of the case.

Disclosure of an informant's identity is only permissible under *Rovario* if disclosure would be both "relevant and helpful to the defense."  Defendant has offered no evidence to meet this burden.  Furthermore, the government has affirmatively stated that the informant was not used directly in the events charged in the indictment and that the informant will likely not testify at trial.

The Court finds that disclosure of the informant's identity is not "relevant and helpful to the defense" and that Defendant's Motion for Discovery should be denied.

### III. CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant's Motion to Suppress Oral Statements and Motion for Discovery.

IT IS SO ORDERED.

Date:  August 23, 2005       s/Lawrence P. Zatkoff
                             LAWRENCE P. ZATKOFF
                             UNITED STATES DISTRICT JUDGE

S:\Marie ECF\04-80857.hubbert.miranda.wpd